UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE TERESE SOLDWISCH,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 19cv1127-JM(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 10, 13]** |

Plaintiff Stephanie Terese Soldwisch brought this action for judicial review of the Social Security Commissioner's ("Commission") denial of her claim for disability insurance benefits. ECF No. 1. Before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 10 ("Pl.'s Mot.")], Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 13 ("Def.'s Mot.")], and Plaintiff's Reply to Defendant's Opposition [ECF No. 14 ("Pl.'s Reply")].

This Report and Recommendation is submitted to United States District Judge Jeffrey T. Miller pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **RECOMMENDS REMANDING** the case for further proceedings.

1

**BACKGROUND**

On February 28, 2014, Plaintiff filed a Title XVI application for supplemental security income ("SSI"), alleging disability beginning on July 5, 1995[1]. See Administrative Record ("AR") at 77, 189-197[2]. The claim was denied initially on April 15, 2014, and upon reconsideration on August 22, 2014, resulting in Plaintiff's request for an administrative hearing. Id. at 92-95, 101-05, 181-82.

Plaintiff did not appear for her hearing before Administrative Law Judge ("ALJ") Robin L. Henrie on January 9, 2017, but did appear at a subsequent hearing on June 7, 2017. Id. at 16-49, 143. Plaintiff was represented by attorney Alise Kellman. Id. at 18. Plaintiff, her mother, and an impartial vocational expert testified at the hearing. See id. at 20-36; see also id. at 37-41. In a written decision dated July 20, 2017, ALJ Henrie determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from February 28, 2014 through the date of the ALJ's decision. Id. at 77, 87.

Plaintiff's attorney requested review by the Appeals Council. Id. at 181-82. In a letter dated January 16, 2019, the Appeals Council granted review of the ALJ's ruling. Id. at 183. On April 19, 2019, after reviewing Plaintiff's case and the ALJ's decision, the Appeals Council adopted the ALJ's findings and conclusions that Plaintiff was not disabled from the date of her February 2014 application to the date of the July 2017 ALJ decision. Id. at 5. In its decision, the Appeals Council reviewed two additional pieces of evidence submitted by Plaintiff: opinion letters from Plaintiff's treating physician, Robin Warner, MD, dated September 1, 2017 and January 23, 2019. See id. at 4-6. The Appeals Council concluded that the "additional evidence does not show a reasonable probability that it would change the outcome of" its decision and did not add the opinion evidence to the administrative record. Id. at 4. In its notice of

---

[1] On June 7, 2017, Plaintiff changed the alleged disability onset date to February 28, 2014. AR at 41.

[2] The Administrative Law Judge and Plaintiff both state the she filed her claim on February 28, 2014. AR at 77; Pl.'s Mot. at 1. However, Plaintiff's application summary letter states that her application was submitted on March 6, 2014. AR at 189-197.

unfavorable decision mailed to Plaintiff, the Appeals Council stated:

> "If you want us to consider whether you were disabled after July 20, 2017, you need to apply again. If you file a new claim for supplemental security income within 60 days after you receive this letter, we can use September 28, 2017[3], the date of your request for review, as the date of your new claim. The date you file a new claim can make a difference in the amount of benefits we can pay."

AR at 2. Less than 60 days later, on June 18, 2019, Plaintiff filed a second application for benefits and subsequently was granted benefits by the SSA. See Notice of Award of Supplemental Security Income [ECF No. 10-1 ("NOA.")] at 1. In its notice of award, the SSA states that, as of June 2019, Plaintiff "met all the rules to be eligible for SSI based on being disabled." Id.

On June 17, 2019, Plaintiff filed the instant action seeking judicial review of the original denial of benefits. See ECF No. 1. On October 4, 2019, Plaintiff filed a timely motion for summary judgment arguing, first, that in light of the the Social Security Administration's ("SSA's") recent grant of Plaintiff's June 18, 2019 application for disability benefits, this Court should remand the case for either an award of benefits or for a determination of the date of onset of Plaintiff's disability. See Pl.'s Mot. Additionally, Plaintiff alleges that the Appeals Council committed legal error by failing to: consider additional evidence submitted by Plaintiff, acknowledge Plaintiff's impairments and their severity, provide sufficient reasoning for rejecting Plaintiff's and her mother's testimony, and point to substantial evidence in the record to support the ALJ's Residual Functional Capacity ("RFC") determination for Plaintiff. Id. Finally, Plaintiff alleges the ALJ committed legal error by ignoring conflicting evidence between the Dictionary of Occupational Titles ("DOT") and the Vocational Expert's ("VE's") testimony. Id. Plaintiff asks the Court to grant Plaintiff's motion for summary judgment and remand the case for an award of benefits or, alternatively, "for the sole purpose of determining the correct onset date of [Plaintiff's] disability." Id. at 25.

---

[3] The Court notes that the Appeals Council erred in its statement of the date of Plaintiff's request for review and that the AR shows that Plaintiff filed her request on September 18, 2017. AR at 181-182.

On December 2, 2019, Defendant filed an opposition to Plaintiff's motion for summary judgment and a cross-motion for summary judgment.[4] See Def's. Mot. Defendant asserts that neither the 2019 grant of benefits to Plaintiff, nor the Appeals Council's refusal to consider Plaintiff's newly submitted evidence, are grounds for reversal. Id. Additionally, Defendant argues that Plaintiff failed to show that the ALJ committed a legally reversible error at steps two and five of the disability determination. Id. Finally, Defendant asserts that the SSA properly weighed Plaintiff's and her mother's testimony and, therefore, correctly determined Plaintiff's RFC. Id. On December 18, 2019, Plaintiff timely filed a reply to Defendant's opposition to Plaintiff's motion for summary judgment. Pl.'s Reply.

## **STANDARD OF REVIEW**

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). If the Appeals Council grants review of a claim, then the Appeal Council's decision constitutes the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 416.1481. The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla, but may be less than a preponderance." Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (internal citation omitted). It is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." Id. (internal citation omitted); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "In determining whether the [ALJ's] findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (internal citations omitted).

---

[4] On November 1, 2019, the Court granted the Defendant's ex parte motion for an extension of time for Defendant to respond to Plaintiff's motion for summary judgment. ECF No. 12. Defendant was required to file an opposition by December 2, 2019. Id.

Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Batson, 359 F.3d at 1193. This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Lewis, 236 F.3d at 509.

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Batson, 359 F.3d at 1193. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

"The decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). "If the record has been fully developed such that further administrative proceedings would serve no purpose, "the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (emphasis omitted). However, "remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Id.

## **DISCUSSION**

Plaintiff raises three challenges to the Appeals Council's decision denying her benefits. Pl.'s Mot. First, Plaintiff argues that disability benefits should be granted or the case should be remanded to determine the correct disability date based upon the 2019 grant of benefits, which constitutes new evidence. Id. at 14-15. Second, Plaintiff asserts that the case should be remanded because the record is incomplete. Id. at 15-16. Third, Plaintiff argues that the ALJ and Appeals Council made legal errors in reaching the decision of non-disability and there was insufficient evidence to support the decision. Id. at 16-23. For the reasons set forth below, the Court recommends remand based on the first two arguments and therefore declines to address Plaintiff's third argument.

///

A. Correct Disability Date

Plaintiff asserts that the ALJ's decision in 2019 to award disability benefits constitutes new evidence that mandates that she receive disability benefits beginning on the day of her first application, February 28, 2014. Id. at 15. In making this argument, Plaintiff relies on Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010). Plaintiff explains that the 2019 award of benefits came two months after the original denial and was based on exactly the same evidence as the first denial, so the disability decision also should apply to the earlier time period. Pl.'s Mot. at 15-16; Reply at 1-2; Declaration of Alise Kellman [ECF No. 14-1 ("Decl.")] at 1-2.

Defendant opposes Plaintiff's motion. Def.'s Mot. Defendant agrees that Luna is the relevant authority but asserts that it does not require remand in this situation. Id. at 7-10. Defendant explains that Plaintiff uses the wrong disability time periods and that there actually is a two-year gap between the first disability denial and the second disability award. Id. at 8-9. Defendant also argues that it is not clear that the same evidence was submitted to both decisionmakers and faults Plaintiff for this failure. Id. at 9.

Section 405(g) authorizes a court to remand a case to the Commissioner for consideration of new evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g). To be material, the new evidence must bear directly and substantially on the matter at issue, and there must be a reasonable possibility that the new evidence would have changed the outcome of the Commissioner's determination. Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001); Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984). In Luna, 623 F.3d at 1034-35, the Ninth Circuit applied this principle to a situation in which the SSA denied disability benefits requested in an initial application and granted them in a subsequent claim.

In Luna, the claimant's second disability application, which was granted, covered a time period that began one day after the denial of the initial disability application. Id. at 1033. The Ninth Circuit found that "the finding of disability based on [the claimant's] second benefits application was new and material evidence warranting remand for further factual consideration

because it commenced at or near the time [she] was found not disabled based on her first application." Id. at 1034. The court reasoned that remand was necessary because it could not conclude, based on the record before it, "whether the decisions concerning [the claimant] were reconcilable or inconsistent" and whether there was a "reasonable possibility" that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application. Id. at 1035. The court opined that in either case, remand was appropriate to allow the SSA to consider the new evidence and whether the first decision should be changed. Id.

The same concerns are present in the instant case as it is not clear from the administrative record whether the initial denial is reconcilable or inconsistent with the subsequent grant of benefits. The first problem involves the evidence supporting each decision. The parties seem to agree that the record does not clearly identify what evidence was considered in each decision, but they blame each other for the error in not ensuring a complete record. Pl.'s Reply at 2; Def.'s Mot at 9. Plaintiff filed a declaration from Alise Kellman, her attorney in both SSA applications, stating that neither Plaintiff nor Ms. Kellman "submitted any additional medical evidence to the SSA in conjunction with [the second application]," so the two decisions were based on the same evidence. Decl. at 1-2. Unfortunately, it appears that there was evidence—two opinion letters from Dr. Robin Warner, Plaintiff's treating physician—that was submitted to the Appeals Council, and presumably also in connection with the second application, that is not part of the administrative record. AR at 4. Plaintiff argues that the letters should have been made part of the administrative record whereas Defendant argues that they are not required to be part of the record because the Appeals Council "properly found the evidence did not relate to the period at issue." Pl.'s Mot. at 16; Def.'s Mot. at 10.

Contrary to Defendant's argument, the Appeals Council did not find that the evidence did not relate to the period at issue. Rather, the Appeals Council rejected Dr. Warner's treatment notes from July 25, 2017 to November 29, 2018 on the basis that they were not relevant to the time period at issue in the application. AR at 4. The Appeals Council considered the two opinion letters from Dr. Warner, dated September 1, 2017 and January 23, 2019, and found "this

7

additional evidence does not show a reasonable probability that it would change the outcome of the decision." Id. The Appeals Council then discussed both the treatment notes dated from May 25, 2016 to September 28, 2016 and the opinion letters and stated "because Dr. Warner's treatment notes were not specifically addressed in the July 20, 2017 hearing decision, the Council considered this evidence with the rest of the record in finding the opinions from Dr. Warner do not show a reasonable probability of changing the outcome because the opinions are only supported by the record to the extent they agree with the residual functional capacity (Decision, Finding 4)." Id. at 6. Despite this discussion and conclusion, the opinion letters are not part of the Administrative Record. Id. at 4 ("Appeals Council did not exhibit this evidence."); see Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012) (holding that the administrative record includes evidence submitted to and considered by the Appeals Council). As a result, the Court cannot determine whether the same evidence was submitted to and considered by the SSA in relation to both applications and cannot evaluate the evidence to determine whether the contrary decisions are reconcilable or inconsistent.

The second problem involves the time period covered by each application. Plaintiff apparently argues that the time period covered by the first application extends to April 19, 2019, the date of the Appeals Council decision. Pl.'s Mot. at 14 (arguing for remand "[g]iven that the SSA found [Plaintiff] disabled only two months after the AC's decision); Reply at 2-3 (arguing that the final decision in the first case was issued by the Appeals Council so that date is the relevant one but not addressing the time period covered by the first decision). Defendant asserts that the relevant time period is February 24, 2014 through July 20, 2017, which is the time period considered by both the ALJ and the Appeals Council. Def.'s Mot. at 8-9. Defendant argues that because the time period at issue in the initial denial of benefits is two years before the second decision granting benefits, the second decision is not relevant to the first decision and remand is not appropriate. Id.

Defendant is correct that both the first ALJ and the Appeals Council determined that Plaintiff was not disabled for the time period of February 24, 2014 through July 20, 2017. AR at 7, 87. As a result, there was approximately two years between the two time periods of

claimed disability.  This fact, however, does not end the discussion because the key questions that remain are whether the grant of benefits in 2019 was based on the same evidence as the denial of benefits in 2014-2017 and whether the two decisions are reconcilable.  Luna, 623 F.3d at 1034-35.  As discussed above, the Court is unable to consider these questions because Dr. Warner's opinions that were presented to and considered by the Appeals Council in relation to the 2014-2017 time period are not part of the administrative record.  Defendant's argument that the documents are irrelevant because they post-date the end of the first claimed disability period is without merit.  While the Court does not have access to the two letters, one of Dr. Warner's opinion letters is dated September 1, 2017, less than two months after the end of the first claimed disability period.  AR at 5.  The Appeals Council describes this document as one in which "Dr. Warner opined the [Plaintiff] had disabling functional limitations due to her mental impairments."  Id.  Given that description and the fact that Dr. Warner treated Plaintiff during the first claimed disability time period, it is very likely that the September 2017 opinion impacts the first claimed disability time period.

Another complicating factor is the time period covered by Plaintiff's second application for disability benefits.  In its April 19, 2019 letter to Plaintiff informing her of its decision to adopt the ALJ's ruling and deny her benefits, the Appeals Council states:

> If you want us to consider whether you were disabled after July 20, 2017, you need to apply again.  If you file a new claim for supplemental security income within 60 days after you receive this letter, we can use September 28, 2017[5], the date of your request for review, as the date of your new claim.

AR at 2.  Plaintiff properly filed her second application for benefits within the 60-day requirement set by the Appeals Council in its letter.  See NOA at 1 (approving Plaintiff's subsequent claim filed on June 18, 2019).  However, when granting benefits on the subsequent application, the second ALJ deemed Plaintiff eligible beginning June 2019, not September 18, 2017 pursuant to

---

[5] The Appeals Council misstated Plaintiff's request for review date which occurred on September 18, 2017, not September 28, 2017.  AR at 180-82.

the Appeals Council's letter. Id.; AR at 2. Neither party raised this issue in their respective briefs, nor did they indicate in the record the reasoning for this discrepancy. As a result, it is unclear from the record whether the two claimed disability periods were two years apart (February 24, 2014 to July 20, 2017 and June 2019 to the present) or two months apart (February 24, 2014 to July 20, 2017 and September 18, 2017 to the present). The correct disability time periods also impact the relevant evidence and the scope of the Court's review. The Court therefore recommends remand for further consideration of the issues highlighted in this order.

### B. Incomplete Record

Section 405(g) of the Social Security Act provides that "the Commissioner . . . shall file a certified copy of the transcript in the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. §405(g). Under the Commissioner's regulations, the Appeals Council is required to "consider all the evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The Ninth Circuit has "routinely considered evidence submitted for the first time to the Appeals Council to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d at 1163. In Brewes, the Ninth Circuit held that <u>the administrative record includes evidence submitted to and considered by the Appeals Council</u>. Id. at 1162 (emphasis added).

The Appeals Council erred in its omission of the two opinion letters written by Dr. Warner from the administrative record. See AR at 4. As discussed above, the Appeals Council clearly considered the opinions in light of its discussion of the contents of each of them and its determination that the evidence did "not show a reasonably probability of changing the outcome" of the decision. See id. at 5-6. Without the full evidence considered by the Appeals Council before it, the Court is unable to review the opinion letters to determine whether they are relevant and material to the Appeals Council's decision or this Court's analysis. Therefore, the Court finds that the record is incomplete and recommends remand for supplementation of the record.

C. Remand for Further Proceedings

The Court cannot conclude, based on the record before it, whether the decisions concerning Plaintiff's claims for SSI are reconcilable. Without the additional opinion letters written by Dr. Warner, the Court cannot fully and adequately evaluate the administrative record and the Appeals Council's decision. Additionally, because the Court does not have an explanation for the basis upon which the SSA granted Plaintiff's subsequent application, the Court cannot reconcile the discrepancy between the June 2019 date of Plaintiff's determined eligibility for benefits and the September 2017 date proffered by the Appeals Council in its letter to Plaintiff and cannot determine whether the two disability decisions are reconcilable. Given these uncertainties, remand of this case for further factual proceedings and supplementation of the administrative record is necessary. Luna, 623 F.3d at 1035; see Am. Bird Conservancy v. FCC, 545 F.3d 1190, 1195 n. 3 (9th Cir. 2008) ("The proper remedy for an inadequate record ... is to remand to the agency for further factfinding.) Accordingly, the Court **RECOMMENDS REMANDING** for further consideration to address the errors noted above.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; and (2) remanding this case to the SSA for further proceedings.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than February 19, 2020**. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than March 4, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 2/5/2020

Hon. Barbara L. Major
United States Magistrate Judge