UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE T. SOLDWISCH,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 19cv1127 JM (BLM)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES** |

Plaintiff Stephanie T. Soldwisch moves the court to award attorney fees, costs, and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. No. 21.) The motion has been fully briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff requests attorney fees, costs, and expenses related to her appeal of the denial of her application for disability benefits by the Social Security Administration (SSA). On February 5, 2020, the Magistrate Judge recommended that the case be remanded to the SSA for additional administrative proceedings. (Doc. No. 17.) The Magistrate Judge issued a Report and Recommendation ("R&R") finding that the case should be remanded because 1.) the SSA found Plaintiff disabled on a subsequent application for benefits

1

apparently based on the same evidence that the SSA considered in conjunction with the application at issue, and 2.) the SSA failed to provide the court with a complete administrative record upon which to review the SSA's final decision. (*Id.*) The SSA did not object to the R&R. On March 20, 2020, the court fully adopted the R&R. (Doc. No. 18.) Plaintiff timely filed the instant motion on June 19, 2020. (Doc. No. 21.) The SSA filed an opposition on July 6, 2020, (Doc. No. 22), to which Plaintiff replied on July 11, 2020, (Doc. No. 23).

## II.    LEGAL STANDARDS

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); 28 U.S.C. §2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citation omitted).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees. *Id.* at 434. "There is a strong presumption that the 'lodestar figure' represents a reasonable fee," and it should be reduced only in "rare instances." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996); *see also Doan v. Berryhill*, Case No. 16-cv-00841-BAS-AGS, 2018 WL 2761733, at *3 (S.D. Cal. June 7, 2018) ("Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case."). If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of

evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff requests a total of $12,397.10 in attorney fees for 60.4 hours of work at a rate of $205.25 per hour. She also requests $540.35 in costs and expenses. In support of her request, Plaintiff attached itemized records of the time her counsel spent on each task for which she billed. (*See* Doc. No. 21-2.) She also attached a declaration from her counsel citing eight EAJA cases outside of this district in which she was awarded more than the amount sought here. (*See* Doc. No. 21-2 at 2-3.)

The SSA does not dispute, and the court agrees, that Plaintiff is the prevailing party, that the SSA's position was not substantially justified, and that no special circumstances make the award unjust. The SSA also does not dispute, and the court agrees, that Plaintiff's counsel's $205.25 hourly rate is reasonable and consistent with the EAJA. *See Beatriz B. v. Saul*, Case No.: 3:19-cv-785-AHG, 2020 WL 5203371, at *2 (S.D. Cal. Sept. 1, 2020) ("The Ninth Circuit's hourly EAJA rate for attorney work performed in 2019, factoring in an increase in the cost of living, was $205.25.").

From an overall perspective, similar cases in this district involving similarly experienced attorneys support the reasonableness of the total hours worked and amount requested here. *See Truong v. Berryhill*, Case No.: 3:17-cv-02179-BEN-RNB, 2019 WL 1863655, at *5 (S.D. Cal. Apr. 24, 2019) (77.75 hours and $19,476.52); *Minh Doan v. Berryhill*, Case No.: 3:17-cv-02179-BEN-RNB (S.D. Cal. 2018) (97.5 hours and $ 23,642.76); *Alzayadie v. Astrue*, No. 09-CV-1886 JLS (JMA), 2011 WL 940766, at *1 (S.D. Cal. Mar. 14, 2011) (noting that courts have found it reasonable to spend 60, 69, 72, and 73 hours litigating social security cases). The SSA nonetheless takes issue with several specific aspects of Plaintiff's motion.

### A. Clerical Tasks

The SSA argues that Plaintiff's counsel unreasonably billed for 5.2 hours, or $1,067.30, performing clerical tasks. (Doc. No. 22 at 3-4.) In motions for attorney fees in social security cases, district courts have found a variety of tasks to be unreasonably clerical, two of which are included in Plaintiff's counsel's bill. *See Keovongsa v. Colvin*, Case No.: 3:16-CV-00842-BTM-NLS, 2019 WL 354621, at *3 (S.D. Cal. Jan. 28, 2019) (preparing summonses and cover sheets); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) (preparing service of process and consent forms). Here, however, the bulk of the disputed entries, i.e. eight of the 23 disputed entries, or 2.1 hours' worth of work, involve communications with Plaintiff via letter, phone, and e-mail. Although Plaintiff's counsel does not state the reason for each communication with her client, communicating with her client is part of her professional responsibilities and is not, as the SSA suggests, per se clerical. The SSA does not explain why any of these communications were clerical or otherwise undeserving of compensation. Additionally, the amount of time Plaintiff's counsel billed for communicating with her client is within the reasonable range. *See Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1008 (N.D. Cal. 2015) (finding it reasonable for Plaintiff's counsel to have spent 2.3 hours communicating with her client via letter, phone, and e-mail).

Additionally, the remaining entries challenged by the SSA, though perhaps routine, involve tasks that are just as much legal as they are clerical, if not more so. These include communicating with referring counsel, drafting the complaint, preparing documents for service, drafting a certificate of service, preparing a declination of assignment to a magistrate judge, communicating with opposing counsel, reviewing an ex parte motion, and attempting to settle the instant dispute. To the extent these tasks did not necessarily require the work of an attorney, the amount of time billed by Plaintiff's counsel is within the reasonable range. *See Nelson v. Berryhill*, Case No.: 17-cv-00614-AJB-KSC, 2019 WL 2232954, at *1 (S.D. Cal. May 23, 2019) ("[M]inimal time spent on litigation-related tasks may be reasonable in some circumstances."). For example, Plaintiff's counsel billed

a total of 2.3 hours for preparing an engagement letter and drafting a letter to the client (1 hour), drafting the complaint and civil cover sheet (24 minutes), drafting a letter to the client and SSA (30 min), preparing documents for service on the SSA (12 minutes), drafting a certificate of service (6 minutes), and preparing a declination of assignment to a magistrate judge (6 minutes).  (*See* Doc. No. 21-2 at 8.)  Accordingly, based on the documentation provided by Plaintiff's counsel, and the minimal argument put forth by the SSA, the court declines to find that any of Plaintiff's counsel's billing entries were unreasonably clerical.

### B.    Duplicative Billing

The SSA argues that six minutes of Plaintiff's counsel's bill, or $20.53 worth of work, were unreasonably duplicative.  The SSA complains that Plaintiff's counsel billed 12 minutes of work for drafting a declaration, and four days later, billed for six minutes of work "redrafting" the declaration.  (Doc. No. 22 at 4.)  Plaintiff's counsel states she redrafted the declaration after reviewing an e-mail from the referring attorney.  (Doc. No. 23 at 4.)  Although this does not explain why the declaration needed to be "redrafted," spending a total of 18 minutes on a declaration is reasonable.

### C.    Drafting the Instant Motion

Plaintiff's counsel billed a total of 7.5 hours, or $1,539.38, for researching and drafting the instant motion.  (Doc. No. 21-2 at 8, 12.)  Plaintiff also requests an additional 4.5 hours, or $923.63, for drafting her reply to the SSA's opposition, for a total of 12 hours, or $2,463.01, related to litigating the instant motion.  (Doc. No. 23 at 7.)  The SSA argues that, based on Plaintiff's counsel's extensive experience, she should only be awarded two hours, or $410.50, for researching and drafting the instant motion.  (Doc. No. 22 at 4-5.)

Certainly, some courts have reduced the amount of time experienced social security attorneys can bill for preparing motions for attorney fees.  *See Anh Tuyet Thai v. Saul*, Case No.: 18cv2647-JAH-RBM, 2020 WL 4697971, at *3 (S.D. Cal. Aug. 13, 2020) (reducing 9.5 hours spent preparing motion to 2 hours); *see also Adams v. Saul*, No. 19CV335-BLM, 2020 WL 1332473, at *5 (S.D. Cal. Mar. 20, 2020) (approving 4.5 hours for filing a motion,

not including the reply). Here, however, Plaintiff's counsel submits declarations attesting, under the penalty of perjury, that she spent 12 hours litigating the instant motion. (Doc. Nos. 21-2, 23-1.) Nothing in the record suggests she did not reasonably do so. *See Guzman v. Berryhill*, Case No.: 17cv2593-CAB-AGS, 2019 WL 1923932, at *2 (S.D. Cal. Apr. 29, 2019) ("[T]he Court sees no reason to dispute Plaintiff's counsel's representation that all hours were reasonably expended"). Although Plaintiff's counsel is undoubtably experienced and has previously filed similar motions that may have been used as templates, she still had to gather the supporting documents, fill-in the relevant party and factual information, address particularized legal issues, edit supporting declarations, update case citations, proof-read, file the motion, etc. This could reasonably occupy 7.5 hours. Additionally, replying to the SSA's opposition could reasonably occupy 4.5 hours given that replies depend on the arguments raised in the opposition, which in this case appear to be at least somewhat particularized. The SSA also provides no specific reason to impose a two-hour cap on preparing the instant motion. *See Costa v. Comm. of SSA*, 690 F.3d 1132, 1134 (9th Cir. 2012) ("[I]t is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits."); *see also Gates*, 987 F.2d at 1397-98 (if challenging the reasonableness of fees supported by affidavit, the SSA has the burden of submitting evidence). Accordingly, the requested fees related to drafting the instant motion appear reasonable.

**D.     Costs**

Under 28 U.S.C. § 1920(a), "[a] judge . . . . may tax as costs . . . . [f]ees of the clerk[.]" The SSA argues that the $400 filing fee for which Plaintiff seeks reimbursement is a cost pursuant to 28 U.S.C. § 1920, not an expense under the EAJA. (Doc. No. 22 at 5.) The SSA does not dispute, however, that Plaintiff is entitled to a total of $540.35, in costs and/or expenses, which includes the $400 filing fee. In her reply, Plaintiff does not address whether the $400 filing fee is an expense under the EAJA or a cost under 28 U.S.C. § 1920. Based on the documentation provided by Plaintiff in support of her request for

costs, and because the SSA does not dispute that Plaintiff is entitled to $504.35 in costs and/or expenses, the court finds this amount is reasonable without deciding which authority is more applicable. *See Thorne v. Saul*, Case No.: 18cv1874-MMA (LL), 2019 WL 3974088, at *2 (S.D. Cal. Aug. 22, 2019) (doing the same).

### E.   Payment

Finally, Plaintiff's counsel requests that payment be made directly to her, rather than to Plaintiff. (Doc. No. 21 at 14.)  The SSA argues that  under the EAJA, fees are payable only to the "prevailing party." (Doc. No. 22 at 5 (citing 28 U.S.C. § 2412(d)(1)(A)).)  The SSA explains:

> To comply with the Treasury Offset Program, when a court issues an order for EAJA fees (ordered payable to the plaintiff, not counsel), the government considers any assignment of EAJA fees to determine whether they are subject to any offset.  If the plaintiff does not owe a government debt that qualifies for offset, then payment may be made in counsel's name based on the government's  discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.

(*Id.* at 5-6.)  Plaintiff responds by arguing that "[t]his Court and others have issued orders for EAJA fees, costs, and expenses to be paid directly to a Plaintiff's counsel, subject to administrative offset due to the Plaintiff's government debt, if any exists, in accordance with the Supreme Court's decision in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010)." (Doc. No. 23 at 8 (listing cases).)

District courts have repeatedly addressed this specific issue by ordering that payment be made directly to plaintiff's counsel after it is determined that the plaintiff owes no debt subject to offset. *See Beatriz B.*, 2020 WL 5203371, at *4 ("[S]hould Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel."); *Toni Lynn B. v. Saul*, Case No.: 3:19-cv-925-AHG, 2020 WL 4001981, at *4 (S.D. Cal. July 15, 2020) ("[S]hould Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel."); *Truong*, 2019 WL 1863655, at *6 (S.D. Cal. Apr. 24, 2019) ("This award shall be payable directly to the Plaintiff and is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue*[.]"); *Guzman*, 2019

WL 1923932, at *2 ("Pursuant to *Astrue*, if the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to Plaintiff's attorney."). Accordingly, as ordered below, payment will be directed in a similar manner.

## IV.   CONCLUSION

Plaintiff is entitled to attorney fees, expenses, and costs because she is the prevailing party and the SSA's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). Plaintiff's counsel's fees, costs, and expenses are reasonable in light of the tasks performed and results achieved. Accordingly, Plaintiff's Motion for Attorney Fees, Costs, and Expenses (Doc. No. 21) is **GRANTED**. Plaintiff is awarded $12,397.10 in attorney fees and $540.35 in costs and/or expenses. Payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See Beatriz B.*, 2020 WL 5203371, at *4.

IT IS SO ORDERED.

DATED: September 14, 2020

JEFFREY T. MILLER
United States District Judge